IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ESSENTIAL MEDIA GROUP LLC,

    Plaintiff,

vs.

GEAR FAB PUBLISHING, A Colorado
Corporation,

    Defendant.
_____/

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, ESSENTIAL MEDIA GROUP LLC ("EMG"), by their attorney and for their Complaint against Defendant, GEAR FAB PUBLISHING, a Colorado Corporation ("GEAR FAB"), allege as follows:

## THE PARTIES

1.    Plaintiff, Essential Media Group LLC, is a limited liability corporation in Florida that has engaged in business in Miami-Dade and Broward Counties as a music publisher, and which holds the copyrights to certain compositions, mainly "The Crazy People" and "The Blues Train" albums. Attached hereto as **Ex "A"** are copyright registration notices for same.

2.    Defendant, Gear Fab Publishing Inc. is a Colorado corporation that has engaged in business in Colorado and Florida as a music publisher.

## JURISDICTION & VENUE

3.    Subject matter jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338(a) in that the controversy arises under the Copyright Act, which is within the exclusive

jurisdiction of federal courts pursuant to 28 U.S.C. § 1367.  Further, jurisdiction of this Court is proper as the matter in controversy exceeds seventy five thousand dollars ($75,000.00) and the Plaintiff and Defendant are citizens of different states.  *See* 28 U.S.C. §§1332(a) and (c)(1).

4. Personal jurisdiction over the Defendant is proper because the Defendant has purposely availed itself of the privilege of conducting activities in the State of Florida, thus invoking the benefit and protection of its laws, by (i) publishing, marketing, distributing, selling, or licensing their music to be sold in Florida, (ii) entering into contracts that are consummated and/or performed in Florida, and (iii) conducting a sustained pattern of business in Florida by releasing albums and benefiting from the revenues generated from master recordings and/or mechanical licenses.

5. Venue is appropriate in this Court because all parties hereto actively engage in business in Miami-Dade County.  Specifically, the Plaintiff is an entity with a place of business in Miami-Dade County and Defendant regularly conducts business in Miami-Dade County, as described on the preceding paragraph.

**CONDITIONS PRECEDENT**

6. All conditions precedent to bringing this action have occurred, been performed, have been waived or excused, would be futile and are therefore no longer required, or are no longer applicable.

**COMMON ALLEGATIONS TO ALL COUNTS**

7. Plaintiff owns the master recordings and underlying compositions contained on "The Crazy People" and "The Blues Train" albums (the "Albums"), and also owns the artwork on the Albums.

8. The compositions in the Albums have been registered with Broadcast Music, Inc. ("BMI") for over forty (40) years, and upon information and belief, ownership of the

compositions has never been contested.

9. There are 10 cuts on "The Crazy People" album and 9 cuts on "The Blues Train" album.

10. Defendant released the Albums without any master recording or mechanical licenses from Plaintiff.

11. Defendant has been illegally collecting master royalties and mechanical royalties from the exploitation of Plaintiff's master recordings and underlying compositions found in the Albums.

12. As a result, Defendant have willfully and intentionally infringed on Plaintiff's copyrights in the master recordings and underlying compositions contained in the cuts in the Albums.

## COUNT I:
## COPYRIGHT INFRINGEMENT AGAINST DEFENDANT

Plaintiff readopts and realleges the allegations contained in paragraph 1 through 12 as if fully stated herein.

13. This is an action for copyright infringement.

14. Upon information and belief, Defendant has willfully and intentionally infringed the statutory copyrights in the Plaintiff's master recordings and underlying compositions contained in the Albums, without being authorized exploit said copyrights.

15. The Defendant has actual knowledge of its infringements, because it was put on notice by Plaintiff, yet Defendant has continued to exploit Plaintiff's copyrighted material without the Plaintiff's authorization and without a license to use the copyrighted works. For these reasons, the Defendant is a willful and deliberate infringer.

16.     Despite having been put on notice that it was infringing on the Plaintiff's copyrights, the Defendant continued to receive royalties from the exploitation of Plaintiff's copyrighted material found in the Albums without having obtained a license to do so.

17.     As a result of the foregoing acts, the Defendant's infringement of the Plaintiff's copyrights is willful and continuous.

18.     The Plaintiff has been damaged and will continue to be damaged as a result of the Defendant's willful and continuous infringement.

**WHEREFORE**, Plaintiff, Essential Media Group LLC, respectfully requests the following relief:

(A)   that the Defendant and its respective agents, representatives, and employees be immediately, preliminarily and permanently enjoined from infringing upon the Plaintiff's statutory copyrights in any manner, including, but not limited to, any public performance or exploitation of the compositions and master recordings found in the Albums;

(B)   that the Defendant be required to pay statutory damages of $150,000.00 pursuant to 17 U.S.C. §504 for each and willful infringement of the copyrighted material found in the Albums;

(C)   that the Defendant be required to pay the Plaintiff's reasonable attorney's fees and reasonable costs pursuant to 17 U.S.C. §505, and for such further relief as this Court deems just and appropriate.

## **JURY TRIAL**

Plaintiff demands a Jury Trial of all issues.

Dated: December 4, 2012

         Respectfully submitted,

         **WOLFE LAW MIAMI, P.A.**
         *Counsel for Plaintiff*
         Latitude One Offices
         175 SW 7th Street, Suite 2410
         Miami, Florida 33130
         T: 305.384.7370
         F: 305.384.7371

         By:  _/s/ Richard C. Wolfe_____
             RICHARD C. WOLFE, Esq.
             Florida Bar No.: 355607
             DARREN A. HEITNER, Esq.
             Florida Bar No.: 85956